**In the Matter of the ESTATE OF Lillie A. BOLLIER, deceased.**

**Virginia HERMAN, Appellant,**

v.

**W. Layton STEWART, Administrator of the Estate of Lillie Bollier, Deceased, et al., Respondents.**

No. 48626.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 31, 1984.

**68**

Thomas M. Gioia, Mary J. Gioia, St. Louis, for appellant.

D. Jeff Lance, Thomas B. Weaver, Charles A. Redd, St. Louis, for respondents.

CLEMENS, Senior Judge.

Action by Virginia Herman, nee Virginia Bailey, to determine the heirship of intestate decedent Lillie Bollier. Plaintiff appeals the adverse judgment.

Plaintiff Virginia Bailey Herman claimed and sought a ruling she was the illegitimate daughter and only child of decedent Lillie Bollier. Plaintiff named as defendants the Bollier estate's administrator and the deceased's nieces and nephews, the children of deceased's sister Katherine.

Plaintiff's evidence: At birth she was named Virginia Bailey and reared as a child of decedent's sister Katherine Bailey and husband Everett Bailey; that as a child she spent much of her time with decedent Lillie Bollier. During an argument in 1970 Katherine Bailey told her: "You're no daughter of mine." In 1977 Lillie Bollier told plaintiff: "I hatched you. No, I borned you. You are my daughter." Plaintiff's husband also so testified. This was the core of plaintiff's claim she was a child of decedent Lillie Bollier, who never again referred to plaintiff as her daughter.

Plaintiff's only other witness was the family counsel and cousin Laura Andrews. She testified decedent Lillie Bollier had been "very close" to both plaintiff and the other Bailey children; that in family discussions she had never heard plaintiff referred to as a child of testatrix Lillie Bollier, nor did testatrix ever do so.

Plaintiff introduced in evidence a birth certificate. It showed that on the plaintiff's admitted birthdate she was born to Katherine Bailey and her husband Everett Bailey at their St. Louis home. The conforming certificate of the family physician was appended.

On cross-examination plaintiff acknowledged: She called Katherine Bailey "Mother" and Lillie Bollier "Aunt Lillie". After Lillie Bollier's death and before filing this action plaintiff told none of the family of her present claim she was Lillie's daughter.

This was plaintiff's evidence and defendants thereupon moved for judgment. The

trial court responded that the plaintiff's only pertinent evidence was the decedent's ancient and unrepeated statement about having hatched or borned plaintiff, her daughter. The court announced:

"It's the finding of this Court that I will sustain the motion for a judgment—directed verdict of a judgment in favor of the Respondent in this matter, and it is the finding of this Court that based upon the credible evidence that Virginia Herman is not sole heir of Lillie A. Bollier."

■ In court-tried cases conflicts in evidence are for the trial court to resolve and we take the facts in accordance with the results there reached. *Trenton Trust Co. v. Western Sur. Co.*, 599 S.W.2d 481 [1–4] (Mo. banc 1980).

■ As held in *Retirement Bd. of Police Retirement v. Noel*, 652 S.W.2d 874 [1–4] the burden of proving illegitimacy is on the party asserting it; that the presumption of legitimacy is overcome only by clear, cogent and convincing proof to the contrary.

Here, the plaintiff faced the statutory presumption of RSMo. Section 193.170 declaring birth certificates "shall be prima facia evidence of the facts therein stated." That certificate showed plaintiff was not born illegitimately to Lillie Bollier, as she now contends, but was born legitimately to Everett and Katherine Bailey.

Against this array of unfavorable evidence plaintiff had only her and her husband's self-serving statements quoting Lillie Bollier's alleged statement about plaintiff being her daughter. Even this the trial court could and did reject, as was done in plaintiff's cited case of *Brown v. Conway*, 598 S.W.2d 549 [3, 4] (Mo.App.1980).

■ The trial court did not err in rejecting plaintiff's petition.

Affirmed.

DOWD, P.J., and CRIST, J., concur.